## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| AUBREY BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-CV-161 SNLJ |
| | ) |
| JASON LEWIS, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Aubrey Brooks (registration no. 1264323), an inmate at Southeast Correctional Center ("SECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $29.61. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will issue process on plaintiff's failure to protect claims against defendant Correctional Officer William Bradley in his individual capacity.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $148.08. Accordingly, the Court will assess an initial partial filing fee of $29.61.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### The Complaint

Plaintiff, who identifies as a person with Dwarfism or as a "Little Person," brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff names the following individuals as defendants in this action: SECC Warden Jason Lewis; Assistant Warden Paula Reed; Bed Broker John/Jane Doe; Correctional Officer B. Hickey; Correctional

Officer William Bradley; and Director of Missouri Department of Corrections, Anne Precythe. Plaintiff brings this action against defendants in their individual capacities.

Plaintiff alleges that on August 31, 2017 he got into a fight with another offender at SECC, Efform Williams. He states that at the time of the altercation, Officer Wilkerson was forced to use his mace to stop the fight. After the fight, plaintiff was escorted to the Administrative Segregation Unit by Sergeant Lyerla. Plaintiff asserts that "all paperwork was filed" that same date.

Plaintiff states that despite a policy at the prison that all offenders be placed in a cell in the Administrative Segregation Unit if one was immediately available, he was forced to wait for two hours shackled to a bench by "SHU staff." Plaintiff states that this caused him back and shoulder pain as a result of his Little Person status.

Plaintiff states that he had a disagreement about bunk preference with the first cellmate he was placed with in the Administrative Segregation Unit, so he asked for Protective Custody in order to get out of the cell. Plaintiff complains that he was again forced to wait for two hours on the bench in the Administrative Segregation Unit prior to being given a new cell.

Plaintiff states that he was initially given a single cell in the Administrative Segregation Unit on his second cell assignment, but after three days, "another aggressive cellmate came into the cell." Plaintiff states that due to [his] injuries and his size and disability [he] chose to run away." Thus, plaintiff again chose to ask for Protective Custody and sought a new cell. Plaintiff asserts that he was once against placed on the bench for a two-hour wait.

Plaintiff states that the Unknown Bed-Broker "intentionally decided" that he should be placed with one of his enemies on his third cell assignment in the Administrative Segregation Unit. He asserts that on September 9, 2017, Correctional Officer William Bradley was ordered

by the "bubble officer" to place plaintiff in a cell with offender Effron Williams, the same offender who had been in an altercation with plaintiff on August 31, 2017.

Plaintiff states that when he saw the cell he was being placed in contained Effron Williams he told Correctional Officer William Bradley that he needed to be placed in Protective Custody because he could not be placed with his "enemy" Effron Williams as they had just had a fight the prior week. Plaintiff claims that Correctional Officer William Bradley told him that the computer did not show that there had been an altercation between the two offenders and plaintiff had to take the cell or he would be forced to use mace on him. Plaintiff states that he went into the cell because he feared being maced and jumped by Correctional Officer Bradley and the other two Correctional Officer escorts.

Plaintiff claims that as soon as the Correctional Officers left Effron Williams began beating plaintiff and this went on for three days. Plaintiff states that he tried to ask for Protective Custody on six different occasions but he was either ignored or told that no one saw plaintiff being beaten. Plaintiff states that finally on September 11, 2017, Correctional Officer Bradley witnessed a physical altercation between the two men and they were separated. However, plaintiff received a conduct violation for fighting once again as a result of being left in a cell with Effron Williams.

Plaintiff seeks monetary damages in this action.

**Discussion**

Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). In the instant action, plaintiff has not set forth any facts indicating that

Warden Jason Lewis, Assistant Warden Paula Reed, Correctional Officer B. Hickey or Director of Missouri Department of Corrections, Anne Precythe were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Moreover, none of these defendants can be liable for the actions of their subordinates based on the theory of respondeat superior. *Livers v. Schenck*, 700 F.3d 340, 355 (8th Cir. 2012). A supervising defendant, however, may be liable under § 1983 if he: (1) had notice of a pattern of unconstitutional acts committed by subordinates, (2) was deliberately indifferent to or tacitly authorized those acts, and (3) failed to take sufficient remedial action, (4) proximately causing injury to plaintiff. *Id.* (citing *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996). Here, plaintiff does not allege that the supervising defendants named in this action had notice of a pattern of unconstitutional acts, or that their failure to act was the proximate cause of plaintiff's injury. Therefore, plaintiff has failed to allege that the aforementioned defendants could be held liable under § 1983.

Although plaintiff attempts to bring a cause of action under 42 U.S.C. § 1983 against the "Bed-Broker" in the Administrative Segregation Unit in September of 2017, he has failed to allege enough information to show that the Bed-Broker could be held liable for an Eighth Amendment claim. Plaintiff's allegations that the Bed-Broker acted intentionally with malice to place him with his known enemy is nothing more than a conclusory allegation. And such a claim fails to state a cause of action under § 1983. *See Frey v. City of Herculaneum,* 44 F.3d 667, 671 (8th Cir. 1995). Liability under § 1983 requires direct responsibility to and the deprivation of rights. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); see also, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" are not entitled to an assumption of truth).

The Court, however, will issue process on plaintiff's allegations against defendant Correctional Officer Bradley Williams in his individual capacity as to plaintiff's failure to protect claim in violation of the Eighth Amendment.

To state a failure-to-protect claim, a plaintiff is required to allege that defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, they actually drew the inference, and they failed to take reasonable steps to protect him. *See Farmer v. Brennan*, 511 U.S. 825, 836-38, 844 (1994). Assault by a fellow inmate constitutes "serious harm." *Jensen v. Clarke*, 94 F.3d 1191, 1198 (8th Cir. 1996). And a single incident of violence may, in some circumstances, support a failure-to-protect claim. *See Young v. Selk*, 508 F.3d 868, 870-73 (8th Cir. 2007) (discussing potential for substantial risk where inmate told officials of cellmate's threats, requested to be removed from cell immediately, said it was an emergency, and was subsequently attacked).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $29.61 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Correctional Officer Bradley Williams in his individual capacity as to plaintiff's allegations that defendant failed to protect him from harm from another inmate in violation of the Eighth Amendment. Defendant shall be served in accordance with the waiver agreement this Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Correctional Officer Bradley Williams shall reply to plaintiff's failure to protect claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Jason Lewis, Paula Reed, Jane/John Doe Bed Broker, Correctional Officer B. Hickey and Anne Precythe because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 14th day of February, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE