**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| **AUBREY BROOKS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. 1:18cv161 SNLJ** |
| | ) |
| **WILLIAM BRADLEY,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM and ORDER

Plaintiff Aubrey Brooks is incarcerated at South Central Correctional Center

("SCCC") in the Missouri Department of Corrections.  Plaintiff brought this action, pro

se, alleging that defendant failed to protect him from another inmate in violation of his

Eighth Amendment rights under the United States Constitution.  Defendant filed a motion

for summary judgment [#26] in November 2019.  Plaintiff's receipt of the motion was

delayed apparently due to transfer between MDOC institutions.  Plaintiff then sought and

received multiple extensions of time in which to respond to defendant's motion.

Plaintiff's final extension was until September 18, 2020.  Plaintiff still has not filed a

response in opposition to the motion.

I.       **Factual Background**

The following facts are undisputed.  Plaintiff is incarcerated in the Missouri

Department of Corrections.  On August 31, 2017, plaintiff fought with another prisoner,

Effrom Williams.

After the fight with Williams, plaintiff asked to be transferred out of his cell four times during the relevant timeframe.  Plaintiff was in his first new cell for a few days before he asked to be transferred.  Plaintiff wanted to be transferred cells because he stated his cellmate was a racist.  However, plaintiff's cellmate never tried to fight plaintiff or make any threats against him. Plaintiff was transferred to a second new cell, where he stayed for about two days.  Plaintiff's new cellmate never made any threats against plaintiff or was violent towards him, but he requested to be transferred again because his cellmate was homosexual.  Plaintiff was transferred to a third new cell, where he stayed for about a week.  Plaintiff's third cellmate did not make any threats, advances, or was violent towards him.  Plaintiff stated he heard that his new cellmate was a homosexual; he requested to be transferred again.

Over a week after the fight, defendant Corrections Officer William Bradley placed plaintiff in a cell with Mr. Williams on the instructions of another officer.  Plaintiff says he told defendant that Mr. Williams was his enemy as he was being placed in a cell with Mr. Williams.  However, defendant had no knowledge of the August 31 fight, and plaintiff had not filled out any documentation or told anyone before that moment that Mr. Williams was his enemy.  Plaintiff alleges that Mr. Williams beat him after defendant Bradley left.

II.    **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to

2

judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The

burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*,

838 F.2d 268, 273 (8th Cir.1988). After the moving party discharges this burden, the

nonmoving party must do more than show that there is some doubt as to the facts.

*Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead,

the nonmoving party bears the burden of setting forth affirmative evidence and specific

facts by affidavit and other evidence showing that there is a genuine dispute of a material

fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324.

"A dispute about a material fact is 'genuine' only 'if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life

Assur. Co.,* 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson,* 477 U.S. at 248). A

party resisting summary judgment has the burden to designate the specific facts that

create a triable controversy. *See Crossley v. Georgia–Pacific Corp.,* 355 F.3d 1112, 1114

(8th Cir. 2004). Self-serving, conclusory statements without support are not sufficient to

defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights,* 2 F.3d 276, 279

(8th Cir. 1993).

In ruling on a motion for summary judgment, the court must review the facts in a

light most favorable to the party opposing the motion and give that party the benefit of

any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587;

*Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The court is

required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert

Johnson Grain Co. v. Chemical Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

With these principles in mind, the Court turns to the discussion.

## III.    Discussion

Plaintiff claims defendant violated his Eighth Amendment rights under the United

States Constitution in violation of 42 U.S.C. § 1983 by failing to protect him from his

enemy.  In order to state a claim under § 1983, "a plaintiff must allege the violation of a

right secured by the Constitution [or] laws of the United States and must show that the

alleged deprivation was committed by a person acting under color of state law." *West v.*

*Atkins*, 487 U.S. 42, 48 (1988). To prove an Eighth Amendment violation such as failure-

to-protect claims, a prisoner must satisfy two requirements, one objective and one

subjective. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008). "The first requirement

tests whether, viewed objectively, the deprivation of rights was sufficiently serious." *Id*.

"The second requirement is subjective and requires that the inmate prove that the prison

officials had a 'sufficiently culpable state of mind.'" *Id*. (citing *Farmer v. Brennan*, 511

U.S. 825, 834 (1994)). Defendant may not be found liable under § 1983 unless he

personally and directly violated plaintiff's constitutional rights. *See Otey v. Marshall*, 121

F.3d 1150, 1155 (8th Cir. 1997) (emphasis added).

"[T]he eighth amendment's prohibition against cruel and unusual punishment

requires prison officials to 'take reasonable measures to guarantee' inmate safety by

protecting them from attacks by other prisoners." *Young v. Selk*, 508 F.3d 868, 871 (8th

Cir. 2007) (citing *Farmer*, 511 U.S. at 832). To establish a failure to protect claim,

plaintiff must establish that (1) the official was aware of facts from which he could infer

the existence of a substantial risk of serious harm to him, (2) the official actually drew the

inference, and (3) the official failed to take reasonable steps to protect him. *See Farmer*, 511 U.S. 825, 836–38.  "Deliberate indifference must be measured by the official's knowledge at the time in question, not by hindsight's perfect vision." *Schaub v. VonWald*, 638 F.3d 905, 915 (8th Cir. 2011) (citation omitted).

Defendant argues he is entitled to summary judgment because there is no evidence that he knew of a substantial risk of serious harm to plaintiff.  Although plaintiff may have told defendant that Williams was plaintiff's enemy, there is no evidence that plaintiff had included Williams on his documented list of "enemies" such that he could avoid being placed in a cell with Williams.  Plaintiff did not fill out any documentation to identify Mr. Williams as an enemy.  Under similar circumstances, the Seventh Circuit has held that a corrections officer did not have subjective awareness of the risk of harm faced by plaintiff.  *See Olson v. Morgan*, 750 F.3d 708, 713 (7th Cir. 2014).  In *Olson*, the plaintiff had told a corrections officer that he feared his cellmate and requested a different cell, but "prison guards are neither required nor expected to believe everything inmates tell them." *Id*.  Because the guard in *Olson* subjectively believed the plaintiff not to be in danger, there could be no constitutional violation.   Although plaintiff says that Mr. Williams fought with him on and off for three days and that the guards did nothing, plaintiff does not allege that defendant Bradley had any knowledge of the situation.  He also does not allege that defendant had anything to do with any failure to process paperwork to identify Mr. Williams as an enemy.  Plaintiff identifies no evidence supporting that defendant was aware of any substantial risk to plaintiff's health.  As a result, the Court will grant defendant's motion for summary judgment.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion for summary judgment [#26]

is GRANTED.


Dated this ___24th___ day of September, 2020.



_____

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

6